UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA RAE SMITH,

       Plaintiff,                        CIVIL ACTION NO. 16-cv-10148

       v.                              DISTRICT JUDGE DAVID M. LAWSON

COMMISSIONER OF               MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Angela Rae Smith seeks judicial review of Defendant Commissioner of Social Security's determination that she is not entitled to social security benefits for her physical impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 17) and Defendant's Motion for Summary Judgment (docket no. 19). Plaintiff also submitted a reply brief in support of her Motion for Summary Judgment. (Docket no. 20.) The motions have been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 5.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

### I.     RECOMMENDATION

For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 17) be **GRANTED** and Defendant's Motion for Summary Judgment (docket no. 19) be **DENIED**. It is further recommended that this matter be remanded pursuant to

sentence four of 42 U.S.C. § 405(g) for a proper assessment of Dr. Skender and Dr. Sherman's opinions in accordance with the treating physician rule.

## II.     PROCEDURAL HISTORY

Plaintiff protectively filed an application for a period of disability and disability insurance benefits on October 10, 2013, alleging that she has been disabled since July 1, 2013, due to Sjogren's syndrome and osteoarthritis.  (TR 81, 132-38, 157.)  Plaintiff subsequently amended her alleged onset date to January 1, 2014.  (TR 208.)  The Social Security Administration denied Plaintiff's claims on January 13, 2014, and Plaintiff requested a *de novo* hearing.  (TR 69-81, 86-87.)  On December 12, 2014, Plaintiff appeared with a representative and testified at the hearing before Administrative Law Judge (ALJ) Andrew G. Sloss.  (TR 40-56.)  In a December 19, 2014 decision, the ALJ found that Plaintiff was not entitled to benefits because she was capable of performing her past relevant work as a material handling supervisor as generally performed in the national economy.  (TR 27-35.)  The Appeals Council declined to review the ALJ's decision (TR 1-7), and Plaintiff commenced this action for judicial review.  The parties then filed cross motions for summary judgment, which are currently pending before the Court.

## III.    HEARING TESTIMONY AND MEDICAL EVIDENCE

Plaintiff (docket no. 17 at 7-17), Defendant (docket no. 19 at 4-10), and the ALJ (TR 31-34) each set out a detailed, factual summary of Plaintiff's medical record and the hearing testimony.  Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies between these recitations of the record.  Therefore, the undersigned will incorporate the factual recitations by reference.  Additionally, the undersigned will include comments and citations to the record as necessary throughout this Report and Recommendation.

**IV.    ADMINISTRATIVE LAW JUDGE'S DETERMINATION**

The ALJ found that Plaintiff had not engaged in substantial gainful activity since the amended alleged onset date of January 1, 2014, and that Plaintiff suffered from the following severe impairments: osteoarthritis, rheumatoid arthritis, and Sjogren's syndrome.  (TR 29.)  Next, the ALJ found that Plaintiff's impairments did not meet or medically equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (TR 29-30.)  The ALJ then found that Plaintiff had the following RFC:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b).  She can frequently climb ramps or stairs and balance, and must avoid concentrated exposure to vibration.  She is also limited to frequent handling with her right upper extremity.

(TR 30-34.)  Subsequently, in reliance on the vocational expert's (VE's) testimony, the ALJ determined that Plaintiff was capable of performing her past relevant work as a material handling supervisor as generally performed in the national economy.  (TR 34.)  Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act at any time from January 1, 2014, through the date of the decision.  (TR 27, 35.)

**V.    LAW AND ANALYSIS**

   **A.    Standard of Review**

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions.  Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards.  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997).  Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").

**B.    Framework for Social Security Determinations**

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1)    Plaintiff was not presently engaged in substantial gainful employment; and

(2)    Plaintiff suffered from a severe impairment; and

(3)    the impairment met or was medically equal to a "listed impairment;" or

(4)    Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

  **C.**  **Analysis**

  The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).

5

Plaintiff asserts that this matter should be remanded under sentence four because (1) "[t]he ALJ violated the treating physician rule and failed to give good reasons for discounting the opinion of treating rheumatologist Dr. Skender and instead found more persuasive the vague opinion from a consultative examiner and an assessment from a non-examining State agency review physician without benefit of much of the record;" (2) the ALJ's assessment of Plaintiff's credibility is not supported by substantial evidence; and (3) the ALJ's step-four determination is not supported by substantial evidence because the ALJ relied on an incomplete hypothetical question asked to the VE. (Docket no. 17 at 18-29.)

It is well settled that the opinions of treating physicians are generally accorded substantial deference. In fact, the ALJ must give a treating physician's opinion complete deference if it is supported by clinical and laboratory diagnostic evidence and it is not inconsistent with the other substantial evidence in the record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). When an ALJ determines that a treating source's medical opinion is not controlling, he must determine how much weight to assign that opinion in light of several factors: (1) length of the treatment relationship and the frequency of examination; (2) nature and extent of the treatment relationship; (3) supportability of the opinion; (4) consistency of the opinion with the record as a whole; (5) specialization of the treating source; and (6) other factors. 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6).

There is no *per se* rule that requires an articulation of each of the six regulatory factors listed in 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6). *Norris v. Comm'r of Soc. Sec.*, No. 11-CV-11974, 2012 WL 3584664, at *5 (E.D. Mich. Aug. 20, 2012) (citing *Tilley v. Comm'r of Soc. Sec.*, 394 F. App'x 216, 222 (6th Cir. 2010)). An ALJ's failure to discuss the requisite factors may constitute harmless error (1) if "a treating source's opinion is so patently deficient

that the Commissioner could not possibly credit it;" (2) "if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion;" or (3) "where the Commissioner has met the goal of [§ 1527(c)]—the provision of the procedural safeguard of reasons—even though she has not complied with the terms of the regulation." *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 470 (6th Cir. 2006) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004)).

The Commissioner requires its ALJs to "always give good reasons in [their] notice of determination or decision for the weight [they] give [a] treating source's opinion." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Those good reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Wilson*, 378 F.3d at 544 (quoting SSR 96-2p, 1996 WL 374188, at *5 (1996)). The district court should not hesitate to remand when the Commissioner has failed to identify the weight assigned to a treating physician's opinion and provide good reasons for that weight. *See Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011) ("This Court has made clear that '[w]e do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion and we will continue remanding when we encounter opinions from ALJ's that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion.") (citing *Hensley v. Astrue*, 573 F.3d 263, 267 (6th Cir. 2009)).

The ALJ's assessment of the opinions of Plaintiff's treating physicians, Dr. Skender and Dr. Sherman, is reproduced below in its entirety:

> Drs. Skender and Dr. Sherman, both treating sources, opined that the claimant could not sustain full time work and was totally and permanently disabled (Exhibits 8F, 13F and 14F). Those opinions are accorded little weight since they

7

>were inconsistent with the evidence of record including mild objective diagnostic findings (Exhibits 2F, 3F and 4F) and improved joint pain (Exhibit 11F).

(TR 34.)

The ALJ's explanation for discounting Plaintiff's treating physicians' opinions in the instant matter is substantially similar to that in *Gayheart v. Comm'r of Soc. Sec.*, for which that case was remanded. 710 F.3d 365 (6th Cir. 2013). In *Gayheart*, the ALJ discounted the treating physician's opinions on the grounds that they were "not well-supported by any objective findings" and were "inconsistent with other credible evidence." 710 F.3d at 376. The Sixth Circuit found that those were not good reasons because the ALJ's first line of reasoning was ambiguous and because the ALJ did not support his second line of reasoning by identifying the evidence that was purportedly inconsistent with the treating physician's opinions. *Id.* at 376-77.

Like the ALJ in *Gayheart*, the ALJ in the instant matter does not offer a sufficient explanation to support his conclusion that Dr. Skender and Dr. Sherman's opinions are inconsistent with the evidence of record. The ALJ's perfunctory one-line explanation and cursory citation to sixty pages of medical records makes review nearly impossible without requiring the court to cull through the record and find the evidence upon which the ALJ purportedly relies. *See Gayheart*, 710 F.3d at 376 (explaining that the reasons must be supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight). The undersigned notes that "[t]his requirement is not simply a formality; it is to safeguard the claimant's procedural rights. It is intended to let claimants understand the disposition of their cases, particularly in situations where a claimant knows that his physician has deemed him disabled and therefore might be especially bewildered when told

by an administrative bureaucracy that he is not. Significantly, the requirement safeguards a reviewing court's time, as it permits meaningful and efficient review of the ALJ's application of the treating physician rule." *Cole,* 661 F.3d at 937–38 (citations and quotation marks omitted). The ALJ in the instant matter did not provide good reasons for discounting Dr. Skender and Dr. Sherman's opinions, as they are not sufficiently specific to explain the reasoning behind the decision. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 245-46 (6th Cir. 2007) (An ALJ's explanation that "the record does not support the limitations of the severity suggested by [the claimant's treating physician]" is inadequate to satisfy the notice requirement discussed in Social Security Ruling (SSR) 96-7p.).

Defendant argues that the ALJ properly gave little weight to Dr. Skender's opinions and submits analysis and citations to the record in support of the ALJ's conclusions. (Docket no. 19 at 12-16.) But Defendant's post-hoc rationalization of the ALJ's assessment of Dr. Skender's opinions does not cure the ALJ's failure to provide good reasons. *See Christephore v. Comm'r of Soc. Sec.*, No. 11-13547, 2012 WL 2274328, at *6 (E.D. Mich. June 18, 2012) (Roberts, J.) ("[I]t is not the Court's job to conduct a *de novo* review of the evidence or to rubber stamp the ALJ's decision. The Court must ensure both that the ALJ applied the correct legal standard and that his decision is supported by substantial evidence. Moreover, it is the ALJ's rationale that is under review, not defense counsel's."). Accordingly, remand of this matter for a proper assessment of Dr. Skender and Dr. Sherman's opinions is warranted.

Because Plaintiff's RFC and credibility assessments will potentially change upon remand, and in the interests of judicial economy, Plaintiff's remaining claims of error will not be considered.

## VI. CONCLUSION

For the reasons stated herein, the Court should **GRANT** Plaintiff's Motion for Summary Judgment (docket no. 17) and **DENY** Defendant's Motion for Summary Judgment (docket no. 19). This matter should be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for a proper assessment of Dr. Skender and Dr. Sherman's opinions in accordance with the treating physician rule.

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated:  February 21, 2017            s/ Mona K. Majzoub
                                                 MONA K. MAJZOUB
                                                 UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated:  February 21, 2017            s/ Lisa C. Bartlett
                                                 Case Manager